The Law Office of Joseph Mauro, LLC          (631) 669-0921
 306 McCall Ave.                              (631) 669-5071 fax
West Islip, NY   11795

April 2, 2013

**Honorable Judge Arlene R. Lindsay**
**Hon. Alphonse M. D'Amato Federal Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

RE:  *Steven Denicola individually and on behalf of all others similarly situated  v. Allied Collection Services, Inc.*     12- CV- 6217  (JS)(ARL)

Honorable Judge Lindsay,

I represent the Plaintiff in the above referenced matter.  The Plaintiff brings this putative class action on behalf of himself and all others similarly situated alleging violations of the Fair Debt Collection Practices Act. (15 USC 1692 et al).  Please accept this letter as a request to proceed with discovery.

On December 19, 2013 Defendant was served with the Summons and Complaint in this matter. Service occurred via the New York Secretary of State.  The Defendant did not appear. I then faxed a copy of the Summons and Complaint to the Defendant, and warning the Defendant that they are in default. The Defendant still did not appear. I then received a letter  from an attorney in Nevada who purports to represent the Defendant, acknowledging that they are aware of the lawsuit. But still the Defendant would not appear in the action.  I called the Defendant's attorney and left messages, but was never able to speak with the attorney. I twice faxed the attorney again warning them that they were in default and that I intended on addressing this with the Court. Still nobody appeared.  It is apparent that the Defendant is purposefully defaulting. (So as to give the Defendant every opportunity, I am also faxing the Defendant's attorney a copy of this letter.)

While the Defendant's default establishes the facts alleged in the complaint, Plaintiff needs to acquire certain additional information (via Rule 45 based discovery) in order to move for class certification pursuant to Rule 23, and to help establish statutory damages.  Plaintiff requests permission to proceed with such discovery.  See *DeNicola v. Asset Recovery Solutions, LLC*, 2011 U.S. Dist. LEXIS 61976 (E.D.N.Y. May 18, 2011)(Hon. Judge A. Tomlinson); *Thomas v. Omni Credit*, Case No. 12 CV 6219-JFB-GRB (E.D.N.Y. March 13, 2013); *Campbell v. Soma Fin. Inc.*, No. 08-CV-00170, 2008 U.S. Dist. LEXIS 104359, 2008 WL 5247960 (E.D. Cal. Dec. 12, 2008).

After acquiring the necessary information, Plaintiff intends to move for class certification (if appropriate) and a default judgment against Defendant. The determination as to whether the default judgment shall be entered on behalf of the individual Plaintiff or the class must await the class discovery. See,  *Williams v. Goldman & Steinberg, Inc.*, No. CV 03-2132, 2006 U.S. Dist. LEXIS 50222, 2006 WL 2053715 (E.D.N.Y. July 21, 2006).

Plaintiff respectfully requests permission to proceed with discovery via Rule 45.

The Law Office of Joseph Mauro, LLC **(631) 669-0921**
 306 McCall Ave. **(631) 669-5071 fax**
West Islip, NY   11795

April 2, 2013

Sincerely,

Joseph Mauro

CC: Ms. Allicia B. Tomolo, Esq. Via fax:   (702) 946-1035