UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN DENICOLA, individually and on
behalf of all others similarly situated,

                Plaintiff(s),                **ORDER**
                                                                             CV 12-6217 (JS)(ARL)

       -against-

ALLIED COLLECTION SERVICES, INC.,

                Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiff Steven Denicola ("plaintiff") commenced an individual and putative class action under the Fair Debt Collection Practices Act ("FDCPA") against the defendant Allied Collection Services, Inc. ("defendant") on December 18, 2012.  Despite having been served with the Summons and Complaint, the defendant has failed to interpose a response.  Before the court is plaintiff's letter application dated April 2, 2013 seeking to proceed with class discovery to acquire information in order to move for class certification pursuant to Rule 23 prior to moving for a default judgment against defendant.  Defendant has not filed a response.

      In general, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except as "authorized by . . . court order."  Fed. R. Civ. P. 26(d)(1); *see Pearson Educ., Inc. v. Doe,* No. 12 Civ. 4786 (BSJ)(KNF), 2012 WL 4832816, at *2 (S.D.N.Y. Oct. 1, 2012).  Here, plaintiff seeks to proceed with discovery under Rule 45 stating he "needs to acquire certain additional information (via Rule 45 based discovery) in order to move for class certification . . . and to help establish statutory damages."  Plaintiff's counsel has received a letter from an attorney in Nevada who purports to represent defendant, acknowledging that they are aware of the lawsuit.  Plaintiff suggests that defendant may be strategically defaulting to avoid class certification, a calculation that has been recognized in at least two other FDCPA actions.  *See Thomas v. Omni Credit Servs., Inc.*, No. CV 12-6219 (JFB)(GRB) (E.D.N.Y. Mar. 13, 2013) (recognizing that because "[c]ourts are not generally permitted to certify a class of plaintiffs upon mere default or admission," a defendant could effectively prevent certification of a class by intentionally defaulting); *see also Blazek v. Capital Recovery Assocs.,* 222 F.RD. 360, 360 (E.D. Wis. 2004) ("It is unclear why defendant defaulted although plaintiff contends that defendant did so strategically, calculating that without its participation plaintiff would have difficulty proving such matters as the propriety of class certification").

      Although there is questionable authority to support the relief plaintiff seeks, the motion to conduct discovery under Rule 45 is granted.  *See DeNicola v. Asset Recovery Solutions, LLC*, No. CV 11-1192 (LDW)(AKT), 2011 WL 2133811, at *2 (E.D.N.Y. May 20, 2011) (noting that although the authorities "fall short of a ringing endorsement to allow class discovery prior to

moving for default judgment, the [c]ourt nevertheless concludes that [p]laintiff made a colorable argument in favor of permitting such discovery to proceed"); *see also Thomas v. Omni Credit Servs., Inc.*, No. CV 12-6219 (JFB)(GRB) (E.D.N.Y. Mar. 13, 2013) (finding that the court "is required to protect[] absent class members whose rights may be affected by the [prospect of] class certification," and that "[w]hile plaintiff may or may not be successful in its efforts to gather sufficient evidence to move for class certification, the considerations . . . weigh in favor of affording the plaintiff the opportunity to try"); *cf. Campbell v. Soma Fin. Inc.,* No. 08-CV-00170, 2008 WL 5247960, at *2 (E.D. Cal. Dec. 16, 2008); *Blazek,* 222 F.RD. at 360.   All discovery must be completed within 90 days of the date of this Order, at which time plaintiff shall take the necessary steps to move for class certification and/or a default judgment.


Dated:  Central Islip, New York  **SO ORDERED:**
       April 11, 2013  _____/s/_____
                                              ARLENE ROSARIO LINDSAY
                                              United States Magistrate Judge